ACCEPTED
01-14-00629-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/12/2015 5:03:36 PM
CHRISTOPHER PRINE
CLERK

## NO: 01-14-00629-CV

### IN THE
### FIRST DISTRICT COURT OF APPEALS OF TEXAS
### AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
1/12/2015 5:03:36 PM
CHRISTOPHER A. PRINE
Clerk

**Elizabeth M. Trammell,**
*Appellant*

*v.*

**Fletcher V. Trammell, Sr.**
*Appellee*

from the 308th Judicial District Court
of Harris County, Texas, The Honorable James Lombardino Presiding
Trial Court Case No. 2010-72050

ORIGINAL BRIEF OF THE APPELLANT

Maurice Bresenhan, Jr.
Texas Bar No. 02959000
Cynthia Keen Perlman
Texas Bar No. 11161700
Zukowski, Bresenhan, Sinex & Petry, L.L.P.
1177 West Loop South, Suite 1100
Houston, Texas 77027
Telephone: (713) 965-9969
Telecopier: (713) 963-9169
Attorneys for Appellant

**APPELLANT REQUESTS ORAL ARGUMENT**

IN THE
FIRST DISTRICT COURT OF APPEALS OF TEXAS
AT HOUSTON, TEXAS

ELIZABETH M. TRAMMELL,
*Appellant*
*v.*
FLETCHER V. TRAMMELL, SR.
*Appellee*

from the 308th Judicial District Court
of Harris County, Texas, The Honorable James Lombardino Presiding
Trial Court Case No. 2010-72050

## IDENTITY OF PARTIES AND COUNSEL

1.    Appellant/ Respondent in the Trial Court:

Elizabeth M. Trammell

2.    Trial Counsel and Appellate Counsel for Appellant:

Maurice Bresenhan, Jr.
State Bar No. 02959000
Cynthia Keen Perlman
State Bar No. 11161700
Zukowski, Bresenhan, Sinex & Petry, L.L.P.
1177 West Loop South, Suite 1100
Houston, Texas 77027
(713) 965-9969
(713) 963-9169 (Fax)

3. Appellee/ Petitioner in the Trial Court:

Fletcher V. Trammell, Sr.

4. Appellate Counsel for Appellee:

Sallee S. Smythe
State Bar No. 18779400
800 Jackson Street
Richmond, Texas 77469
(281) 238-6200/(281) 238-6202 (Fax)

5. Trial Counsel for Appellee:

Lauren Waddell
State Bar No. 24070206
The Waddell Law Firm, PC
1720 Bissonnet Street
Houston, Texas 77005
(713) 239-8590/(713) 228-2297 (Fax)

# INDEX OF AUTHORITIES

Cases:

Bui v. Wilcoxson, 2005 Tex. App. LEXIS 2134 (Tex. App. -- Hous. [14th Dist.] 2005)...................................................................................................11

City of Keller v. Wilson, 168 S.W.3d 802, 819 (Tex. 2005)..........................10

In re Doe, 444 S.W.3d 603 (Tex. 2014)...................................................11

Dupree v. Texas Dep't. of Protective & Regulatory Services, 907 S.W.2d 81 (Tex. App.--Dallas 1995)..........................................................................8

Holley v. Adams, 544 S.W.2d 367 (Tex. 1976).........................................8

Low v. Henry, 221 S.W.3d 609 (Tex. 2007)............................................11

Strauss v. Cont'l Airlines, Inc.,
    67 S.W. 3d 428, 438 (Tex. App.—Hous. [14th Dist.] 2001, no pet.)............. 9, 10

Statutes:

Texas Family Code, chapter 154 ................................................ 4,6

Texas Family Code, §156.101............................................................3,8

Texas Family Code §156.401 .................................................... 3, 8,9

Texas Family Code §156.402 ........................................... .........3, 8

# TABLE OF CONTENTS

Identity of Parties and Counsel.................................................. ii

Index of Authorities............................................................ iv

Statement of the Case........................................................... 1

Issues Presented................................................................ 3

Summary of the Argument....................................................... 4

Argument......................................................................6

      Statement of Facts under All Points of Error............................. 6

      Argument and Authorities............................................... 8

Prayer.......................................................................12

Certificate of Service ........................................................13

Appendix ...................................................................14

NO: 01-14-00629-CV

IN THE
FIRST DISTRICT COURT OF APPEALS OF TEXAS
AT HOUSTON, TEXAS

Elizabeth M. Trammell,
*Appellant*
*v.*
Fletcher V. Trammell, Sr.
*Appellee*

ORIGINAL BRIEF OF THE APPELLANT

On Appeal from the 308th Judicial District Court
of Harris County, Texas

TO THE HONORABLE JUDGES OF THE FIRST COURT OF APPEALS:

Appellant Elizabeth M. Trammell ("Elizabeth") files her original brief and respectfully shows the Court the following:

STATEMENT OF THE CASE

Nature of this Appeal: This case involves an Order in Suit to Modify Parent-Child Relationship, entered on June 30, 2014, which drastically changed the parties' agreements that they made in their Agreed Final Divorce Decree, signed May 23, 2011, and the Trial Court's Decree that approved those agreements and

1

made them the judgment of the court. Elizabeth appeals the Trial Court's final judgment which drastically modified downward the amount of child support she receives from her former husband, Fletcher V. Trammell, Sr. ("Fletcher") and altered Elizabeth's independent right to make educational decisions, health care decisions and mental health care decisions for the children made the subject of the suit, all of which modifications are clearly not in the best interest of the children.

Course of Proceedings: The parties came to an agreement regarding their divorce and entered into their Agreed Final Divorce Decree, entered on May 23, 2011. (Clerk's Record ("CR") 8.) A little over two years later, on November 21, 2013, Fletcher filed his Petition to Modify Parent-Child Relationship, and subsequently filed his Amended Petition to Modify Parent-Child Relationship, dated April 25, 2014. (CR 45). After a bench trial was held on June 10, 2014, the Trial Court signed the Order in Suit to Modify Parent-Child Relationship, entered on June 30, 2014 (the "Order.") (CR 58.)   On July 21, 2014, Elizabeth perfected this appeal. (CR 89.)

Statement Regarding Oral Argument:  Oral argument should be permitted and is necessary for the court's decisional process because the issues presented are unusual.  Moreover, they are significant to the jurisdiction of the state in the area of family law because this case involves the question of sufficiency of evidence to alter

2

an agreed-to judgment for divorce.

## ISSUES PRESENTED FOR REVIEW

Issue Number One:  The Trial court erred in signing the Order (CR 58) in favor of Fletcher by granting his request to modify downward the amount of his child support obligations when he failed to produce any evidence or sufficient evidence that demonstrated the requested change is in the children's best interest and that there was a material and substantial change in his circumstances. FC§156.401(a)(1) and 156.402 (b).

Issue Number Two:  The Trial court erred in signing the Order (CR 58) in favor of Fletcher by granting him the right, subject to the agreement of the other parent conservator, to make decisions concerning the children's education, which altered the Trial Court's Decree that ordered that Elizabeth would have the exclusive right to make such decisions concerning the children's education (CR 12), when Fletcher failed to produce any evidence or sufficient evidence the change was in the children's best interest and that there was a material and substantial change in his circumstances. FC§156.101 (a)(1).

Issue Number Three:  The Trial court erred in signing the Order (CR 58) in favor of Fletcher by granting him the right, subject to the agreement of the other parent conservator, to consent to medical, dental and surgical treatment involving invasive procedures concerning the children, which altered the Trial Court's Decree that ordered that Elizabeth have the independent right to make decisions concerning such medical, dental and surgical treatment (CR 12), when  Fletcher failed to produce any evidence or sufficient evidence the change was in the children's best interest and that there was a material and substantial change in his circumstances. FC§156.101 (a)(1).

Issue Number Four:  The Trial court erred in signing the Order (CR 58) in favor of Fletcher by granting him the right, subject to the agreement of the other parent conservator, to consent to psychiatric and psychological treatment of the children, which altered the Trial Court's Decree that ordered that Elizabeth have the independent right to make decisions concerning such mental health treatment (CR 12), when Fletcher failed to produce any evidence or sufficient evidence the change was in the children's best interest and that there was a material and substantial change in his circumstances. FC§156.101 (a)(1).

## SUMMARY OF THE ARGUMENT

The undisputed evidence establishes that the parties, Elizabeth and Fletcher, came to an agreement regarding their divorce and entered into their Agreed Final Divorce Decree, signed on May 23, 2011. At the time of the divorce, the parties agreed that the provable needs of their three minor children were well in excess of the guidelines in chapter 154 of the Texas Family Code. The parties also agreed that Elizabeth would have the exclusive right to make decisions concerning the children's education. They also agreed that Elizabeth would have the independent right to consent to medical, dental and surgical treatment involving invasive procedures concerning the children. They further agreed that Elizabeth would have the independent right to make decisions to consent to psychiatric and psychological treatment of the children.

An attorney himself, Fletcher participated in the drafting of the Decree. Indeed, Fletcher expressly approved and consented to the agreement as to both form and substance when he signed the Agreed Final Divorce Decree. The Divorce Decree became a final judgment on May 23, 2011 with no appeal filed.

Slightly over two years later, he sued Elizabeth seeking a drastic reduction in his agreed and ordered child support obligations as well as changes in three of the terms and conditions of the conservatorship order that granted exclusive rights to

4

Elizabeth.

Under each requested change, Fletcher alleged that there was a material and substantial change in his circumstances and that the changes would be in the children's best interest.

Fletcher's evidence in support of the desired changes was, in each instance, legally and factually insufficient. Accordingly, the Trial Court's Order in Suit to Modify Parent-Child Relationship, entered on June 30, 2014, in favor of Fletcher was an abuse of discretion. This Court should reverse the Order, render a judgment in favor of Elizabeth and deny all relief requested by Fletcher to modify the parent-child relationship.

## ARGUMENT

### STATEMENT OF FACTS UNDER ALL POINTS OF ERROR

The facts in this case are undisputed. The parties, Elizabeth and Fletcher, came to an agreement regarding all elements of their divorce and the Trial Court approved those agreements and signed the Agreed Final Divorce Decree, entered on May 23, 2011. CR 8. At the time of the divorce, the parties agreed that the provable needs of their three minor children were well in excess of the guidelines in chapter 154 of the Texas Family Code, and as a result, Fletcher agreed and was ordered to pay child support of $6,000 per month. CR19. On May 23, 2011, the parties' children were James Etta Trammell, age 9 years, Fletcher Vines Trammell, Jr., age 6 years, and Anne Godwin Trammell, age 4 years. CR 9-10.

In their Agreed Final Divorce Decree, the parties agreed that it was in the best interest of the children that Elizabeth have the exclusive right to make decisions concerning the children's education. CR12. They also agreed that it was in the best interest of the children that Elizabeth have the independent right to consent to medical, dental and surgical treatment involving invasive procedures concerning the children. CR12. Fletcher and Elizabeth further agreed that it was in the best interest of the children that Elizabeth have the independent right to make decisions to consent to psychiatric and psychological treatment of the children. CR12.

6

Fletcher represented himself and participated in the negotiation of the Agreed Final Divorce Decree and in its drafting.

The Trial Court, as material to this appeal, found in the Agreed Decree that the parts of the Agreed Decree that Fletcher now seeks to change were in the children's best interest. The Divorce Decree became a final judgment on May 23, 2011 with no appeal filed.

A little more than two years later, on November 21, 2013, Fletcher sued Elizabeth, asserting among other things that a material and substantial change in circumstances required a drastic reduction of his child support obligations. He filed an Amended Petition to Modify Parent-Child Relationship on April 25, 2014. CR 45.

During trial, Fletcher testified that he made about $800,000 in 2011 (Reporter's Record ("RR") 88), and that regarding how much money he makes in his line of work as a personal injury lawyer, it is sometimes feast and sometimes famine (RR 83.) He also testified that this situation was known to him at the time he got divorced. (RR 84.) He further admits that he and his new wife own a 2013 Mercedes SL that costs about $120,000. (RR 103.)

The Trial Court signed the Order in Suit to Modify Parent-Child Relationship, entered on June 30, 2014. (CR 58.) The Order modified the amount of Fletcher's

7

payments of child support downward to $2,565.00 per month. (CR 60.) The Order further modified Elizabeth's ability to continue the children's private school education, (CR 63) and removed her exclusive rights to make educational decisions, health care decisions and mental health care decisions (CR 60.)

On July 21, 2014, Elizabeth perfected this appeal. (CR 89.)

## ARGUMENT AND AUTHORITIES

In the current situation, in order for Fletcher to modify his child support obligations and the exclusive rights awarded to Elizabeth, the Family Code requires that Fletcher produce legally sufficient evidence that the circumstances of a child or person affected by the order have materially or substantially changed since the order, and that the requested and ordered change be in the best interest of the children. Tex. Fam. Code §156.101 (a)(1), 156.401 and 156.402.

The best interest of the child, not the best interest of the parent, is the critical and dispositive inquiry. Holley v. Adams, 544 S.W.2d 367 (Tex. 1976); Dupree v. Texas Dep't. of Protective & Regulatory Services, 907 S.W.2d 81 (Tex. App.-- Dallas 1995).

In reality, everything that Fletcher seeks to modify regarding his obligations to his children is only about what is best for him. The cross examination of Fletcher (RR pp.98 line 16 through pp. 103 line 3) makes it clear that it is all about what

8

Fletcher thinks is best, at that time, for him.

When Fletcher was making $800,000+ or $400,000+ per year, it was in the best interest of the children for Elizabeth to have the right to select their school and for him to fund that decision. When Fletcher's time was consumed with earning $800,000+ or $400,000+ per year, it was in the best interest of the children for Elizabeth to have the exclusive right to attend to their medical, dental, surgical, psychiatric and psychological needs.

Now that Fletcher has a little more time on his hands and maybe, for a short time, somewhat less money, it is somehow in the children's best interest to cut child support by 55% and to remove Elizabeth's exclusive rights that Fletcher said repeatedly he could not criticize. (RR. pp.100 line 22.) Further, Fletcher was unable to answer the question yes or no as to whether it is in the best interest of the children to provide them with less support. (RR 88.)

In a case brought by a personal injury lawyer who sued an airline company for his loss of earning capacity due to his own personal injuries, the Court acknowledges "that a legal practice involving contingency fee cases presents somewhat unique characteristics and inherent uncertainties that must be considered...." Strauss v. Cont'l Airlines, Inc., 67 S.W. 3d 428, 438 (Tex. App.—Hous. [14th Dist.] 2001, no pet.) In comparing such a practice to one with billable hours, the Court states "the

contingency fee practice is not capable of a similar comparison because of the risks and uncertainties that distinguish it." Id.

Similarly, since it was foreseeable that Fletcher would have financial ups and downs in his legal practice as a personal injury lawyer from year to year, and this fact was known to him at the time he agreed to the divorce terms, the fact that he has had a year or so that are less lucrative years was an anticipated circumstance because it is inherent in his type of legal practice. Indeed, it is entirely possible, and even probable, that six months from now, he will be making as much or more than he was at the time the divorce was granted and in the following year.

The so-called evidence of a material and substantial change and furtherance of the children's best interest must, in fact, be evidence of those requirements to be acted upon.

"A legal sufficiency challenge will be sustained when the record confirms either: (a) a complete absence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence conclusively establishes the opposite of the vital fact." City of Keller v. Wilson, 168 S.W.3d 802, 819 (Tex. 2005).

When asked, Fletcher could not say how the children's best interest would be

10

advanced by reducing their child support, as indeed, you would expect. Thus there is literally no evidence to support that a 55% reduction in child support would be in the best interest of the children.

Without the required factual underpinning, the Trial Court's exercise of discretion was contrary to established principals and thus, an abuse of that discretion. In re Doe, 444 S.W.3d 603 (Tex. 2014); Low v. Henry, 221 S.W.3d 609 (Tex. 2007).

In the Order, the Court removed Elizabeth's exclusive ability to continue the children's private school education, and also removed her exclusive rights to make educational decisions, health care decisions and mental health care decisions. Fletcher agreed that it was not necessary for him to have any input regarding these issues. For Fletcher to change these custodial rights, he must establish as a threshold that there was a material and substantial change in circumstances because *res judicata* otherwise prevents the requested modification. Bui v. Wilcoxson, 2005 Tex. App. LEXIS 2134 (Tex. App. -- Hous. [14th Dist.] 2005).

The only material and substantial change advanced by Fletcher was that he had more time and his thinking that he wanted to be more involved. If that constitutes evidence of a material and substantial change, then *res judicata* has no meaning. Further, if under the facts of this case it is in the children's best interest to

11

remove the decision-making ability of a parent whose decisions were beyond criticism, then the best interest test is drained of all meaning as well.

Accordingly, the Trial Court's Order in Suit to Modify Parent-Child Relationship, entered on June 30, 2014, in favor of Fletcher was an abuse of discretion. Elizabeth respectfully requests that this Court reverse the Trial Court's Order.

## PRAYER

Appellant Elizabeth M. Trammell prays that this Court grant all requested relief including, without limitation, that this Court reverse the Order in Suit to Modify Parent-Child Relationship, render a judgment in favor of Elizabeth and deny all relief requested by Fletcher to modify the parent-child relationship.

Elizabeth further prays that the Court grant her all whole, partial, general, specific, legal, equitable, statutory or other available relief.

Respectfully submitted,

ZUKOWSKI, BRESENHAN, SINEX & PETRY, L.L.P.
/s/ Maurice Bresenhan, Jr.
MAURICE BRESENHAN, JR.
State Bar No. 02959000
CYNTHIA KEEN PERLMAN
State Bar No. 11161700
1177 West Loop South, Suite 1100
Houston, Texas 77027
(713) 965-9969/(713) 963-9169 (Fax)

12

## CERTIFICATE OF SERVICE

I hereby certify service of a true and correct copy of this Original Appellant's Brief on January 12, 2015 as follows:

Sallee S. Smythe
800 Jackson Street
Richmond, Texas 77469
**Via Fax (281) 238-6202**

Lauren Waddell
The Waddell Law Firm, PC
1720 Bissonnet Street
Houston, Texas 77005
**Via Fax (713) 228-2297**

/s/ Maurice Bresenhan, Jr.

NO: 01-14-00629-CV

IN THE
FIRST DISTRICT COURT OF APPEALS OF TEXAS
AT HOUSTON, TEXAS

ELIZABETH M. TRAMMELL,
*Appellant*
*v.*
FLETCHER V. TRAMMELL, SR.
*Appellee*

Appendix

| Tab | Document |
| --- | --- |
| 1 | Order in Suit to Modify Parent-Child Relationship |
| 2 | Proposed Findings of Fact and Conclusions of Law |
| 3 | Texas Family Code §156.101 |
| 4 | Texas Family Code §156.401 |
| 5 | Texas Family Code §156.402 |

14

**TAB 1**

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE INFORMATION.

NO. 2010-72050

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| JAMES ETTA TRAMMELL, | § | |
| FLETCHER VINES TRAMMELL, JR., AND | § | 308TH JUDICIAL DISTRICT |
| ANNE GODWIN TRAMMELL, | § | |
| | § | |
| MINOR CHILDREN | § | HARRIS COUNTY, TEXAS |

### ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP

**F I L E D**
Chris Daniel
District Clerk

JUN 30 2014

Time: _____

By _____

Harris County, Texas

On June 11, 2014, the Court heard this case.

*Appearances*

Petitioner, **FLETCHER VINES TRAMMELL**, appeared in person and through attorney of record, Lauren E. Waddell, and announced ready for trial.

Respondent, **ELIZABETH TRAMMELL**, appeared in person and through attorney of record, Maurice Bresenhan, Jr., and announced ready for trial.

*Jurisdiction*

The Court, after examining the record and the evidence and argument of counsel, finds that it has jurisdiction of this case and of all the parties and that no other court has continuing, exclusive jurisdiction of this case. All persons entitled to citation were properly cited.

*Jury*

A jury was waived, and all questions of fact and of law were submitted to the Court.

*Record*

The record of testimony was duly reported by Leticia Salas, the court reporter for the 308th District Court, Harris County, Texas.

1

58

*Children*

The Court finds that the following children are the subject of this suit:

Name: **JAMES ETTA TRAMMELL**
Sex: Female
Birth date: April 24, 2002
County of residence: Harris County, Texas
Social Security Number: ###-##-1757
Driver's license number and issuing state: N/A

Name: **FLETCHER VINES TRAMMELL, JR.**
Sex: Male
Birth date: November 30, 2004
County of residence: Harris County, Texas
Social Security Number: ###-##-4727
Driver's license number and issuing state: N/A

Name: **ANNE GODWIN TRAMMELL**
Sex: Female
Birth date: October 30, 2006
County of residence: Harris County, Texas
Social Security Number: ###-##-4742
Driver's license number and issuing state: N/A

*Findings*

The Court finds that the material allegations in the *Amended Petition to Modify Parent-Child Relationship* are true and that the requested modification is in the best interest of the children. **IT IS ORDERED** that the requested modification is **GRANTED**.

*Parenting Plan*

The Court finds that the provisions in these orders relating to the rights and duties of the parties with relation to the children, child support, and optimizing the development of a close and continuing relationship between each party and the children the parenting plan established by the Court.

2

*Conservatorship*

The Court finds that the following orders are in the best interest of the children.

IT IS ORDERED that **ELIZABETH TRAMMELL**, as a parent joint managing conservator, shall have the following rights:

1.    **ELIZABETH TRAMMELL** shall have the right, subject to the agreement of the other parent conservator, to consent to medical, dental, and surgical treatment involving invasive procedures;

2.    **ELIZABETH TRAMMELL** shall have the right, subject to the agreement of the other parent conservator, to consent to psychiatric and psychological treatment of the children; and

3.    **ELIZABETH TRAMMELL** shall have the right, subject to the agreement of the other parent conservator, to make decisions concerning the children's education.

IT IS ORDERED that **FLETCHER VINES TRAMMELL**, as a parent joint managing conservator, shall have the following rights and duty:

1.    the right, subject to the agreement of the other parent conservator, to consent to medical, dental, and surgical treatment involving invasive procedures;

2.    the right, subject to the agreement of the other parent conservator, to consent to psychiatric and psychological treatment of the children; and

3.    the right, subject to the agreement of the other parent conservator, to make decisions concerning the children's education.

*Child Support*

IT IS ORDERED that **FLETCHER VINES TRAMMELL** is obligated to pay and shall pay to **ELIZABETH TRAMMELL** child support of $2,565.00 per month, with the first payment being due and payable on July 1, 2014, and a like payment in the amount of $2,565.00 being due and payable on the first day of each month thereafter until the first month following the date of the earliest occurrence of one of the events specified below:

1.    any child reaches the age of eighteen years or graduates from high school, whichever occurs later, subject to the provisions for support beyond the age of eighteen years set out below;

2.    any child marries;

3.    any child dies;

3

4.	any child enlists in the armed forces of the United States and begins active service as defined by section 101 of title 10 of the United States Code; or

5.	any child's disabilities are otherwise removed for general purposes.

Thereafter, **FLETCHER VINES TRAMMELL** is ORDERED to pay to **ELIZABETH TRAMMELL** child support of $2,137.50 per month, due and payable on the first day of the first month immediately following the date of the earliest occurrence of one of the events specified above for another child and a like sum of $2,137.50 due and payable on the first day of each month thereafter until the next occurrence of one of the events specified above for another child.

Thereafter, **FLETCHER VINES TRAMMELL** is ORDERED to pay to **ELIZABETH TRAMMELL** child support of $1,710.00 per month, due and payable on the first day of the first month immediately following the date of the earliest occurrence of one of the events specified above for the other child and a like sum of $1,710.00 due and payable on the first day of each month thereafter until the next occurrence of one of the events specified above for the other child.

If a child is eighteen years of age and has not graduated from high school, **IT IS ORDERED** that **FLETCHER VINES TRAMMELL**'s obligation to pay child support to **ELIZABETH TRAMMELL** shall not terminate but shall continue for as long as the child is enrolled—

1.	under chapter 25 of the Texas Education Code in an accredited secondary school in a program leading toward a high school diploma or under section 130.008 of the Education Code in courses for joint high school and junior college credit and is complying with the minimum attendance requirements of subchapter C of chapter 25 of the Education Code or

2.	on a full-time basis in a private secondary school in a program leading toward a high school diploma and is complying with the minimum attendance requirements imposed by that school.

**IT IS ORDERED** that any employer of **FLETCHER VINES TRAMMELL** shall be ordered to withhold from earnings for child support from the disposable earnings of **FLETCHER VINES TRAMMELL** for the support of James Etta Trammell, Fletcher Vines Trammell, Jr., and Anne Godwin Trammell.

4

IT IS FURTHER ORDERED that all amounts withheld from the disposable earnings of **FLETCHER VINES TRAMMELL** by the employer and paid in accordance with the order to that employer shall constitute a credit against the child support obligation. Payment of the full amount of child support ordered paid by this order through the means of withholding from earnings shall discharge the child support obligation. If the amount withheld from earnings and credited against the child support obligation is less than 100 percent of the amount ordered to be paid by this order, the balance due remains an obligation of **FLETCHER VINES TRAMMELL**, and it is hereby **ORDERED** that **FLETCHER VINES TRAMMELL** pay the balance due directly to the state disbursement unit as specified below.

On this date the Court signed/authorized the issuance of an Income Withholding for Support.

**IT IS ORDERED** that all payments shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791, and thereafter promptly remitted to **ELIZABETH TRAMMELL** for the support of the children.

**IT IS FURTHER ORDERED** that **FLETCHER VINES TRAMMELL** shall notify this Court and **ELIZABETH TRAMMELL** by U.S. certified mail, return receipt requested, of any change of address and of any termination of employment. This notice shall be given no later than seven days after the change of address or the termination of employment. This notice or a subsequent notice shall also provide the current address of **FLETCHER VINES TRAMMELL** and the name and address of his current employer, whenever that information becomes available.

**IT IS ORDERED** that, on the request of a prosecuting attorney, the title IV-D agency, the friend of the Court, a domestic relations office, **ELIZABETH TRAMMELL**, **FLETCHER VINES TRAMMELL**, or an attorney representing **ELIZABETH TRAMMELL** or **FLETCHER VINES TRAMMELL**, the clerk of this Court shall cause a certified copy of the Income Withholding for Support to be delivered to any employer.

**IT IS ORDERED** that each party shall pay, when due, all fees charged to that party by the state disbursement unit and any other agency statutorily authorized to charge a fee.

5

IT IS ORDERED that beginning July 1, 2014, **FLETCHER VINES TRAMMELL** is ORDERED to pay 60% of all reasonable and necessary day-care, private school, and/or parochial school expenses for James Etta Trammell, Fletcher Vines Trammell, Jr., and Anne Godwin Trammell, including but not limited to tuition, books, uniforms, testing, application and registration fees, lab fees, room and board at school-owned housing.

IT IS ORDERED that beginning July 1, 2014, **ELIZABETH TRAMMELL** is ORDERED to pay 40% of all reasonable and necessary day-care, private school, and/or parochial school expenses for James Etta Trammell, Fletcher Vines Trammell, Jr., and Anne Godwin Trammell, including but not limited to tuition, books, uniforms, testing, application and registration fees, lab fees, room and board at school-owned housing.

### Findings in Child Support Order

In accordance with Texas Family Code section 154.130, the Court makes the following findings and conclusions regarding the child support order made in open court in this case on June 10, 2014:

1.     The amount of child support ordered by the Court is in accordance with the percentage guidelines.

2.     The net resources of **FLETCHER VINES TRAMMELL** per month are $14,830.37.

3.     The net resources of **ELIZABETH TRAMMELL** per month are $8,000.00.

4.     The percentage applied to the first $8,550.00 of **FLETCHER VINES TRAMMELL**'s net resources for child support is thirty percent (30%).

5.     The Court did not vary from the amount computed by applying the percentage guidelines of Section 154.125 and Section 154.129 of the Texas Family Code.

6

*Required Information*

The information required for each party by section 105.006(a) of the Texas Family Code is as follows:

Name: **ELIZABETH TRAMMELL**
Social Security number: ###-##-8199
Driver's license number and issuing state: XXXXX272, Texas
Current residence address: 2308 Locke Lane, Houston, Texas 77019
Mailing address: 2308 Locke Lane, Houston, Texas 77019
Telephone number:
Name of employer: NA
Address of employment: NA
Work telephone number: NA

Name: **FLETCHER VINES TRAMMELL**
Social Security number: ###-##-6769
Driver's license number and issuing state: XXXXX875, Texas
Current residence address: 912C Lovett, Houston, Texas 77006
Mailing address: 912C Lovett, Houston, Texas 77006
Telephone number: (713) 208-8091
Name of employer: Bailey Perrin Bailey
Address of employment: 440 Louisiana #2100, Houston, Texas 77002
Work telephone number: (713) 425-5277

*Required Notices*

EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER, AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY WITH THE CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

7

Notice shall be given to the other party by delivering a copy of the notice to the party by registered or certified mail, return receipt requested. Notice shall be given to the Court by delivering a copy of the notice either in person to the clerk of this Court or by registered or certified mail addressed to the clerk at P.O. Box 4651, Houston, Texas 77210-4651. Notice shall be given to the state case registry by mailing a copy of the notice to State Case Registry, Contract Services Section, MC046S, P.O. Box 12017, Austin, Texas 78711-2017.

NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000.

## Warnings

WARNINGS TO PARTIES: FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY'S NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

## Attorney's Fees and Costs

IT IS ORDERED that attorney's fees and costs of court are to be borne by the party who incurred them.

## Discharge from Discovery Retention Requirement

IT IS ORDERED that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with Rule 191.4(d) of the Texas Rules of Civil Procedure.

## Relief Not Granted

IT IS ORDERED that all relief requested in this case and not expressly granted is denied. All other terms of the prior orders not specifically modified in this order shall remain in full force and effect.

8

*Date of Order*

This order judicially **PRONOUNCED AND RENDERED** in court at Houston, Harris County, Texas,

on June 10, 2014, and further noted on the court's docket sheet on the same date, but signed on

_June 30,_ _____, 2014.

JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

THE WADDELL LAW FIRM, P.C.

By: _____
LAUREN E. WADDELL
State Bar No. 24036440
1720 Bissonnet Street
Houston, Texas 77005
(832) 239-8590
(713) 228-2297 – Facsimile
E-mail: lwaddell@waddell-lawfirm.com
Service E-mail: service@waddell-lawfirm.com
ATTORNEY FOR PETITIONER,
FLETCHER VINES TRAMMELL

ZUKOWSKI, BRESENHAN, SINEX & PETRY, L.L.P.

By: _____
MAURICE BRESENHAN, JR.
State Bar No. 02959000
1177 West Loop S, Ste. 1100
Houston, TX 77027-9083
(713) 965-9969
(713) 963-9169 - Facsimile
ATTORNEY FOR RESPONDENT,
ELIZABETH TRAMMELL

APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE:

_____
FLETCHER VINES TRAMMELL, *Petitioner*

_____
ELIZABETH TRAMMELL, *Respondent*

9

66

TAB 2

P-12
FFCLX

NO. 2010-72050

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| J.E.T., | § | |
| F.V.T., AND | § | 308TH JUDICIAL DISTRICT |
| A.G.T., | § | |
| | § | |
| MINOR CHILDREN | § | HARRIS COUNTY, TEXAS |

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

In response to Respondent, **ELIZABETH TRAMMELL**'s request for Findings of Fact and Conclusions of Law the Court issues the following:

### *Findings of Fact*

In accordance with Texas Family Code Section 154.130, the Court makes the following findings and conclusions regarding the child support order made in open court in this case on June 10, 2014:

1.      The amount of child support ordered by the Court is in accordance with the percentage guidelines.

2.      The net resources of Petitioner, **FLETCHER VINES TRAMMELL**, per month are $14,830.37.

3.      The net resources of Respondent, **ELIZABETH TRAMMELL**, per month are $8,000.00.

4.      The percentage applied to the first $8,550.00 of **FLETCHER VINES TRAMMELL**'s net resources for child support is thirty percent (30%).

5.      The Court did not vary from the amount computed by applying the percentage guidelines of Section 154.125 and Section 154.129 of the Texas Family Code.

6.      Petitioner, **FLETCHER VINES TRAMMELL**, and Respondent, **ELIZABETH TRAMMELL**, were previously husband and wife.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

1

7. The parties were divorced by the Court on or about May 23, 2011.

8. The parties are the parents of the following three children who are the subject of this suit:

> Name: **JAMES ETTA TRAMMELL**
> Sex: Female
> Birth date: April 24, 2002
>
> Name: **FLETCHER VINES TRAMMELL, JR.**
> Sex: Male
> Birth date: November 30, 2004
>
> Name: **ANNE GODWIN TRAMMELL**
> Sex: Female
> Birth date: October 30, 2006

9. The *Agreed Final Divorce Decree* signed on May 23, 2011 contains the parties' agreements reached at that time on issues including conservatorship of the children, periodic child support, medical child support, payment of additional expenses for the children, and alimony payments for the benefit of **ELIZABETH TRAMMELL**.

10. Pursuant to the parties' 2011 agreement, the *Agreed Final Divorce Decree* ordered **FLETCHER VINES TRAMMELL** to pay periodic child support in the amount of $6,000.00 per month for the benefit of the parties' three minor children, an amount which was above the amount that would have been calculated under the then applicable guidelines for child support as contained in the Texas Family Code.

11. Pursuant to the parties' 2011 agreement, the amount of periodic child support payable by **FLETCHER VINES TRAMMELL** for the benefit of the children did not periodically reduce as each child reached maturity or was otherwise emancipated.

12. Pursuant to the parties' 2011 agreement, the *Agreed Final Divorce Decree* ordered **FLETCHER VINES TRAMMELL** to pay fifty percent (50%) of the amounts due for

2

all reasonable and necessary day-care, private school, and/or parochial school expenses for James Etta Trammell, Fletcher Vines Trammell, Jr., and Anne Godwin Trammell, including but not limited to tuition, books, uniforms, testing, application and registration fees, lab fees, room and board at school-owned housing for September 2011 and one hundred percent (100%) of those expenses from October 2011 through and including February 2012 and then beginning in April 2012 and thereafter.

13. Pursuant to the parties' 2011 agreement, the *Agreed Final Divorce Decree* ordered **FLETCHER VINES TRAMMELL** to pay alimony to **ELIZABETH TRAMMELL** the amount of $8,000.00 per month.

14. Pursuant to the parties' 2011 agreement, the *Agreed Final Divorce Decree* awarded **ELIZABETH TRAMMELL**, a joint managing conservator of the children, the exclusive right to make decisions regarding the children's education.

15. Pursuant to the parties' 2011 agreement, the *Agreed Final Divorce Decree* awarded **ELIZABETH TRAMMELL**, as joint managing conservator, the independent right to consent to medical, dental, and surgical treatment involving invasive procedures for the children and awarded **FLETCHER VINES TRAMMELL** such right only subject to **ELIZABETH TRAMMELL'S** agreement.

16. Pursuant to the parties' 2011 agreement, the *Agreed Final Divorce Decree* awarded **ELIZABETH TRAMMELL**, as joint managing conservator, the independent right to consent to psychiatric and psychological treatment for the children and awarded **FLETCHER VINES TRAMMELL** such right only subject to **ELIZABETH TRAMMELL'S** agreement.

17. Pursuant to the 2011 *Agreed Final Divorce Decree,* **ELIZABETH TRAMMELL** retained the exclusive right to make all educational decisions for the children

3

however she bore no financial responsibility, save and except those for September 2011 and March 2012, for the resulting educational costs and/or expenses, if any, of the decisions she made.

18. Pursuant to the 2011 *Agreed Final Divorce Decree*, **FLETCHER VINES TRAMMELL** bore 100% of the educational costs and expenses of the children, save and except those for September 2011 and March 2012, however he possessed no right to manage and/or control the amount of those costs and/or expenses.

19. Orders which obligate the parties to share in the decisions regarding the children's education while sharing in the resulting costs and/or expenses, if any, resulting from those decisions is in the best interest of the children in light of the parties changed financial circumstances.

20. The circumstances of the children or a person affected by the order to be modified have materially and substantially changed since the date of rendition of the order to be modified.

21. The net resources available to **FLETCHER VINES TRAMMELL** for the support of the children have materially and substantially changed since the date of the *Agreed Final Decree of Divorce*, on May 23, 2011.

22. The annual income of **FLETCHER VINES TRAMMELL** in the year of the divorce in 2011 was $802,447.12.

23. The annual income of **FLETCHER VINES TRAMMELL** in the year of the divorce was evidenced by Petitioner's testimony as well as Exhibit P3 (the Oasis Outsourcing VII INC W-2 for 2011), Exhibit P4 (the Bailey Perrin Bailey LLP W-2 for 2011), Exhibit P5 (the Bailey Perrin Bailey 1099 for 2011), Exhibit P6 (Petitioner's Paystubs for May 2011- December 2011), and Exhibit P14 (Petitioner's Income Summary for 2011-2013.

4

24. The annual income of **FLETCHER VINES TRAMMELL** in 2012 was $405,531.04.

25. The annual income of **FLETCHER VINES TRAMMELL** in 2012 was evidenced by Petitioner's testimony and Exhibit P7 (the Tinet HR V, Inc W-2 for 2012), Exhibit P8 (the Bailey Perrin Bailey 1099 for 2012), Exhibit P9 (Petitioner's Paystubs for January 2012- December 2012), and Exhibit P14 (Petitioner's Income Summary for 2011-2013).

26. The annual income of **FLETCHER VINES TRAMMELL** in 2013 was $255,014.39.

27. The annual income of **FLETCHER VINES TRAMMELL** in 2013 was evidenced by Petitioner's testimony and Exhibit P10 (the Tinet HR V, Inc W-2 for 2013), Exhibit P11 (the Kenneth Bailey, Jr. PC 1099 for 2013); Exhibit P12 (Petitioner's Paystubs for January 2013- December 2013), and Exhibit P14 (Petitioner's Income Summary for 2011-2013).

28. As of May 31, 2014, **FLETCHER VINES TRAMMELL** had earned $100,000.00 in income for 2014.

29. **FLETCHER VINES TRAMMELL'S** income through May 2014 was evidenced by Petitioner's testimony and Exhibit P13 (Petitioner's Paystubs for January 2014-March 2014); and Exhibit P35 (Petitioner's Paystubs for the May 16, 2014 through May 31, 2014 pay period).

30. In 2011, at the time of the parties' original agreement, including those agreements regarding support for the minor children, **FLETCHER VINES TRAMMELL** was employed by a law firm and primarily engaged in the practice of personal injury trial law and other general civil litigation, working on legal matters which were projected to generate an income similar to or greater than that which he was then currently earning.

5

31. Since the parties' original agreement in 2011, those legal matters upon which **FLETCHER VINES TRAMMELL** based his projected future income have either not materialized or have been reversed, rendering his collection of fees or production of income from those legal matters uncertain and/or unlikely.

32. The drastic reduction of **FLETCHER VINES TRAMMELL**'s income since the time of the original agreement in 2011 materially and substantially affected **FLETCHER VINES TRAMMELL**'s ability to meet and afford his overall financial obligations, including those contained in the *Agreed Final Decree of Divorce*.

33. Since May 23, 2011, **FLETCHER VINES TRAMMELL** has incurred substantial debt in order to try and maintain his financial obligations as ordered in the *Agreed Final Decree of Divorce*.

34. By June 2014, **FLETCHER VINES TRAMMELL** had accrued debt on a line of credit with Cadence Bank with a balance of over $365,000.00, which he had used in part to meet his obligations under the terms of the *Agreed Final Decree of Divorce* and to meet his own reasonable living expenses.

35. No evidence was presented to suggest that **FLETCHER VINES TRAMMELL**'s decrease in income since 2011 was attributable to any lack of effort, voluntary underemployment or other circumstances indicating that he sought to avoid child support obligations under the terms of the *Agreed Final Decree of Divorce*.

36. It is not in the best interest of the children for **FLETCHER VINES TRAMMELL** to continue to accumulate debt in order to fulfill his financial obligations for child support and other expenses for the children when the law permits a modification of child support

6

under proper circumstances and there was no evidence to suggest that the ongoing, reasonable needs of the children could not be met by the combined financial support from both parents.

37. **ELIZABETH TRAMMELL** is not gainfully employed but is a full time caretaker for the children.

38. **ELIZABETH TRAMMELL** has a law degree, is licensed by the State of Texas, and has not sought employment commensurate with her education, training or abilities to assist with the expenses and support for the children since the date of divorce.

39. **ELIZABETH TRAMMELL**'s sole income comes from **FLETCHER VINES TRAMMELL**'s contractual alimony obligation as set forth in the *Agreed Final Decree of Divorce.*

40. The circumstances of the children have materially and substantially changed since the date of the *Agreed Final Decree of Divorce*, on May 23, 2011.

41. On May 23, 2011, the parties' children were James Etta Trammell, age 9 years, Fletcher Vines Trammell, Jr., age 6 years, and Anne Godwin Trammell, age 4 years.

42. On November 21, 2013, the date **FLETCHER VINES TRAMMELL** filed his Petition to Modify Parent Child Relationship seeking to modify the *Agreed Final Decree of Divorce,* the parties' children were then 11 years (James), 8 years (Fletcher Jr.) and 7 years (Anne), all attending school on a full-time basis, substantially increasing the related educational expenses for which **FLETCHER VINES TRAMMELL** was ordered to pay under the terms of the 2011 *Agreed Final Decree of Divorce,* and reducing the need for a full-time caretaker of the children while school is in session.

43.    **FLETCHER VINES TRAMMELL**'s change in financial circumstances no longer permits him to maintain and/or support a lifestyle for the children commensurate with that which existed in 2011.

44.    **FLETCHER VINES TRAMMELL**'s rights as a conservator under the *Agreed Final Decree of Divorce* do not authorize him to make more affordable or economical lifestyle choices for the children while in the possession and/or control of the Respondent and do not permit him to effectuate a reduction in the cost of commitments made on behalf of the children by the Respondent.

45.    The modification of periodic child support to conform with the child support guidelines stated in Texas Family Code § 154.125, which is calculated to be $2,565.00 per month for three children, is in the best interest of the children.

46.    The Court calculated net resources for the purpose of determining periodic child support to include 100% of all wage and salary income including Petitioner's bonuses.

47.    No evidence was presented to establish that the reasonable needs of the children would not or could not be met by the reduction of periodic child support.

48.    ELIZABETH TRAMMELL conceded that FLETCHER VINES TRAMMELL had paid all of his monthly child support obligations to her, as of the date of trial.

49.    Among other assets, ELIZABETH TRAMMELL was awarded the marital residence in the *Agreed Final Decree of Divorce*, a residence with substantial equity value at the time of trial which is available to contribute to her own financial support as well as the support of the children.

8

50. Decreasing the amount of periodic monthly child support Petitioner is obligated to pay after each child reaches the age of 18 years or otherwise having the disabilities of a minority removed, per Texas Family Code § 154.127, is required and is in the best interest of the children.

51. A modification of **FLETCHER V. TRAMMELL**'s obligation to pay for one-hundred percent (100%) of all reasonable and necessary day-care, private school, and/or parochial school expenses for the children, including tuition, books, uniforms, testing, application and registration fees, lab fees, room and board at school-owned housing is in the best interest of the children.

52. An order obligating the parties to share the children's expenses for reasonable and necessary day-care, private school, and/or parochial school expenses for the children, tuition, books, uniforms, testing, application and registration fees, lab fees, room and board at school-owned housing, with Petitioner paying sixty percent (60%) and Respondent paying forty-percent (40%) is in the best interest of the children.

53. **FLETCHER VINES TRAMMELL** communicated with **ELIZABETH TRAMMELL** about his financial situation and his inability to continue to pay the financial obligations ordered in the *Agreed Final Decree of Divorce* prior to filing the modification action with the trial Court.

54. **FLETCHER VINES TRAMMELL** communicated with **ELIZABETH TRAMMELL** about the children's education prior to filing the modification action with the trial Court.

55. **FLETCHER VINES TRAMMELL** communicated with **ELIZABETH TRAMMELL** about the children's expenses prior to filing the modification action with the trial Court

9

56. **ELIZABETH TRAMMELL** was unwilling to accommodate any modification of the parties' financial obligations and/or rights as contained in the parties' 2011 *Agreed Final Decree of Divorce* notwithstanding the material and substantial change in **FLETCHER VINES TRAMMELL'S** financial circumstances, making it necessary for **FLETCHER VINES TRAMMELL** to file the modification action with the trial court.

57. The modification ordering each party to have the right, subject to the agreement of the other parent conservator, to consent to medical, dental, and surgical treatment involving invasive procedures is in the best interest of the children.

58. The modification ordering each party to have the right, subject to the agreement of the other parent conservator, to consent to psychiatric and psychological treatment of the children is in the best interest of the children.

59. The modification ordering each party to have the right, subject to the agreement of the other parent conservator, to make decisions concerning the children's education is in the best interest of the children.

60. There was sufficient evidence presented to the Court in testimony and documents to support a modification of the conservator's decision making rights.

61. At the time of the divorce, **ELIZABETH TRAMMELL** had limited and/or discouraged **FLETCHER VINES TRAMMELL's** decision making rights for and/or possession and access to the children.

62. Since the entry of the *Agreed Final Decree of Divorce*, awarding **FLETCHER VINES TRAMMELL** rights and periods of access with the children, **FLETCHER VINES TRAMMELL** has had the opportunity to become more involved with the children and to demonstrate the ability and willingness to play a significant role in the lives of the children.

10

63. Orders which obligate the parents to make shared decisions regarding the children's education and share in the financial costs incurred as a result of those decisions is in the best interest of the children.

64. Orders which obligate the parents to make shared decisions regarding the children's medical, dental, surgical, psychological, psychiatric care are in the best interest of the children.

65. Both parties' incurred reasonable and necessary attorney's fees in this proceeding and it is appropriate that each party be solely responsible for the payment of their own attorney's fees and expenses as incurred.

66. Any finding of fact that is a conclusion of law shall be deemed a conclusion of law.

### Conclusions of Law

1. This Court has jurisdiction of the parties, of the children, and of the subject matter of this case.

2. The pleadings on file herein filed by **FLETCHER VINES TRAMMELL** are in due form and contain all the allegations required by law.

3. Terms of an agreement between parents contained in an order or incorporated therein by reference which relate to the conservatorship, support or access to a child are not enforceable as a contract.

4. The orders imposed by the court are in the best interest of the children.

11

5.     *Tex. Fam. Code §154.127* mandates the termination and reduction of periodic child support in an order providing for the support of more than one child in accordance with the child support guidelines.

OCT 0 3 2014

SIGNED ON _____, 2014

_____
JUDGE PRESIDING

12

**TAB 3**

§ 156.006
Note 9

PARENT–CHILD RELATIONSHIP
Title 5

MODIF
Ch. 156

cy concerning former wife's custody of child was a finding only necessary in a temporary order, and order contemplated a further hearing after psychological counseling had been obtained. In re Blevins (App. 6 Dist. 2004) 2004 WL 911317, Unreported, rehearing overruled, review denied. Child Custody ☞ 902

Temporary orders entered on mother's motion concerning child's residency, visitation rights and allegations of sexual abuse by step-father in proceeding on bio-

logical father's motion to modify visitation, conservatorship, and child support as to out-of-wedlock child were not subject to interlocutory appeal; motion to modify parent-child relationship was suit affecting parent-child relationship, and statute provided that temporary orders entered in suit affecting parent-child relationship were not subject to interlocutory appeal. Pina v. Shaw (App. 1 Dist. 2004) 2004 WL 306096, Unreported. Children Out-of-wedlock ☞ 20.11

## SUBCHAPTER B. MODIFICATION OF CONSERVATORSHIP, POSSESSION AND ACCESS, OR DETERMINATION OF RESIDENCE

### § 156.101. Grounds for Modification of Order Establishing Conservatorship or Possession and Access

(a) The court may modify an order that provides for the appointment of a conservator of a child, that provides the terms and conditions of conservatorship, or that provides for the possession of or access to a child if modification would be in the best interest of the child and:

(1) the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the earlier of:

(A) the date of the rendition of the order; or

(B) the date of the signing of a mediated or collaborative law settlement agreement on which the order is based;

(2) the child is at least 12 years of age and has expressed to the court in chambers as provided by Section 153.009 the name of the person who is the child's preference to have the exclusive right to designate the primary residence of the child; or

(3) the conservator who has the exclusive right to designate the primary residence of the child has voluntarily relinquished the primary care and possession of the child to another person for at least six months.

(b) Subsection (a)(3) does not apply to a conservator who has the exclusive right to designate the primary residence of the child and who has temporarily relinquished the primary care and possession of the child to another person during the conservator's military deployment,

military mobilization, or temporary military duty, as those terms are defined by Section 153.701.

Added by Acts 1995, 74th Leg., ch. 20, § 1, eff. April 20, 1995. Amended by Acts 1995, 74th Leg., ch. 751, § 47, eff. Sept. 1, 1995; Acts 1999, 76th Leg., ch. 1390, § 16, eff. Sept. 1, 1999; Acts 2001, 77th Leg., ch. 1289, § 5, eff. Sept. 1, 2001; Acts 2003, 78th Leg., ch. 1036, § 19, eff. Sept. 1, 2003; Acts 2009, 81st Leg., ch. 727, § 3, eff. Sept. 1, 2009; Acts 2009, 81st Leg., ch. 1113, § 28, eff. Sept. 1, 2009; Acts 2009, 81st Leg., ch. 1118, § 3, eff. Sept. 1, 2009.

### Historical and Statutory Notes

Acts 1995, 74th Leg., ch. 751 designated subsec. (a) and therein, in the introductory provision, inserted "of a child of any age"; deleted former subd. (2); as designated, redesignated subsec. (a)(3) as (a)(2); and added subsec. (b). As added by Acts 1995, 74th Leg., ch. 20, former subd. (2) read:

"the retention of the present sole managing conservator would be injurious to the welfare of the child; and"

Acts 1999, 76th Leg., ch. 1390, in subsec. (b), in the introductory paragraph, substituted "10" for "12".

Section 51(c) of Acts 1999, 76th., ch. 1390 provides:

"The changes in law made to Sections 102.003, 105.001(b) and (d), 107.0135, 107.014(a), 107.015, 153.008, 153.434, 156.006(b), and 156.101(b), Family Code, by this Act apply only to a suit affecting the parent-child relationship filed on or after the effective date [Sept. 1, 1999] of this Act. A suit filed before the effective date of this Act is governed by the law in effect on the date the suit was filed, and the former law is continued in effect for that purpose."

Acts 2001, 77th Leg., ch. 1289 rewrote the section, which formerly read:

"(a) The court may modify an order that designates a sole managing conservator of a child of any age if:

"(1) the circumstances of the child, sole managing conservator, possessory conservator, or other party affected by the order have materially and substantially changed since the date of the rendition of the order; and

"(2) the appointment of the new sole managing conservator would be a positive improvement for the child.

"(b) The court may modify an order that designates a sole managing conservator of a child 10 years of age or older if:

"(1) the child has filed with the court in writing the name of the person who is the child's choice for managing conservator; and

"(2) the court finds that the appointment of the named person is in the best interest of the child."

Acts 2003, 78th Leg., ch. 1036 in the introductory paragraph deleted "or portion of a decree" following "modify and order"; rewrote subsec. (1); in subsec. (2), substituted "person" for "conservator" and "designate" for "determine"; and in subsec. (3) substituted "designate" for "establish". The former subsec. (1) read:

"the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the date of the rendition of the order;"

Section 23(g) of Acts 2003, 78th Leg., ch. 1036 provides:

"(g) The changes in law made by this Act to Sections 156.101, 156.102(a) and (b), and 156.401(a), Family Code, apply only to an action to modify an order in a suit affecting the parent-child relationship pending on the effective date [Sept. 1, 2003] of this Act or filed on or after that date."

Acts 2009, 81st Leg., ch. 727 inserted subsec. (a) designator at the beginning of the section; and added subsec. (b).

Section 7 of Acts 2009, 81st Leg., ch. 727 provides:

"The changes in law made by this Act apply to a suit affecting the parent-child relationship that is pending in a trial court

379

**TAB 4**

### SUBCHAPTER D. MODIFICATION OF POSSESSION OF OR ACCESS TO CHILD [REPEALED]

### §§ 156.301 to 156.304. Repealed by Acts 2001, 77th Leg., ch. 1289, § 12(2), eff. Sept. 1, 2001

#### Historical and Statutory Notes

Repealed §§ 156.301 to 156.304, providing for the modification of possession of or access to a child, were derived from:

Acts 1983, 68th Leg., p. 2354, ch. 424, § 9.
Acts 1987, 70th Leg., ch. 739, § 1.
Acts 1989, 71st Leg., ch. 617, § 4.
Acts 1993, 73rd Leg., ch. 766, § 10.

V.T.C.A., Family Code §§ 14.033(*o*), 14.08(c)(3).
Acts 1995, 74th Leg., ch. 20, § 1.
Acts 1995, 74th Leg., ch. 602, § 1.
Acts 1999, 76th Leg., ch. 62, § 6.21.
Acts 1999, 76th Leg., ch. 178, § 10.
Acts 1999, 76th Leg., ch. 1390, § 17(a).

### SUBCHAPTER E. MODIFICATION OF CHILD SUPPORT

### § 156.401. Grounds for Modification of Child Support

(a) Except as provided by Subsection (a–1), (a–2), or (b), the court may modify an order that provides for the support of a child, including an order for health care coverage under Section 154.182, if:

(1) the circumstances of the child or a person affected by the order have materially and substantially changed since the earlier of:

(A) the date of the order's rendition; or

(B) the date of the signing of a mediated or collaborative law settlement agreement on which the order is based; or

(2) it has been three years since the order was rendered or last modified and the monthly amount of the child support award under the order differs by either 20 percent or $100 from the amount that would be awarded in accordance with the child support guidelines.

(a–1) If the parties agree to an order under which the amount of child support differs from the amount that would be awarded in accordance with the child support guidelines, the court may modify the order only if the circumstances of the child or a person affected by the order have materially and substantially changed since the date of the order's rendition.

(a–2) A court or administrative order for child support in a Title IV–D case may be modified at any time, and without a showing of material and substantial change in the circumstances of the child or a person affected by the order, to provide for medical support of the child if the order does not provide health care coverage as required under Section 154.182.

(b) A support order may be modified with regard to the amount of support ordered only as to obligations accruing after the earlier of:

(1) the date of service of citation; or

(2) an appearance in the suit to modify.

(c) An order of joint conservatorship, in and of itself, does not constitute grounds for modifying a support order.

(d) Release of a child support obligor from incarceration is a material and substantial change in circumstances for purposes of this section if the obligor's child support obligation was abated, reduced, or suspended during the period of the obligor's incarceration.

Added by Acts 1995, 74th Leg., ch. 20, § 1, eff. April 20, 1995. Amended by Acts 1997, 75th Leg., ch. 911, § 16, eff. Sept. 1, 1997; Acts 1999, 76th Leg., ch. 43, § 1, eff. Sept. 1, 1999; Acts 2003, 78th Leg., ch. 1036, § 21, eff. Sept. 1, 2003; Acts 2005, 79th Leg., ch. 916, § 19, eff. June 18, 2005; Acts 2007, 80th Leg., ch. 363, § 6, eff. Sept. 1, 2007; Acts 2007, 80th Leg., ch. 972, § 15, eff. Sept. 1, 2007; Acts 2011, 82nd Leg., ch. 508 (H.B. 1674), § 3, eff. Sept. 1, 2011; Acts 2013, 83rd Leg., ch. 742 (S.B. 355), § 5, eff. Sept. 1, 2013.

### Historical and Statutory Notes

Acts 1997, 75th Leg., ch. 911, in subsec. (a), designated subd. (1) and added subd. (2).

Section 98(b) and (c) of Acts 1997, 75th Leg., ch. 911 provides:

"(b) The change in law made by this Act does not affect a proceeding under the Family Code pending on the effective date [Sept. 1, 1997] of this Act. A proceeding pending on the effective date of this Act is governed by the law in effect at the time the proceeding was commenced, and the former law is continued in effect for that purpose.

"(c) The enactment of this Act does not by itself constitute a material and substantial change of circumstances sufficient to warrant modification of a court order or portion of a decree that provides for the support of or possession of or access to a child entered before the effective date of this Act."

Acts 1999, 76th Leg., ch. 43, added subsec. (d).

Section 2 of Acts 1999, 76th Leg., ch. 43 provides:

"This Act takes effect September 1, 1999, and applies to a child support order entered before, on, or after that date."

Acts 2003, 78th Leg., ch. 1036 rewrote subsec. (a)(1) which prior thereto read:

"(1) the circumstances of the child or a person affected by the order have materially and substantially changed since the date of the order's rendition; or"

Section 23(g) of Acts 2003, 78th Leg., ch. 1036 provides:

"(g) The changes in law made by this Act to Sections 156.101, 156.102(a) and (b), and 156.401(a), Family Code, apply only to an action to modify an order in a suit affecting the parent-child relationship pending on the effective date [Sept. 1, 2003] of this Act or filed on or after that date."

Section 5(c) of Acts 2003, 78th Leg., ch. 1262 provides:

"(c) The change in law made by this Act does not by itself constitute a material and substantial change of circumstances under Section 156.401, Family Code, sufficient to warrant modification of a court order or a portion of a decree that provides for the support of a child rendered before the effective date [Sept. 1, 2003] of this Act."

Acts 2005, 79th Leg., ch. 916 subsec. (a), in the introductory paragraph, inserted "(a–1) or "; added subsec. (a–1); and in

**TAB 5**

probative and substantive evidence to support trial court's ruling, then there is no abuse of discretion. Tucker v. Tucker (App. 4 Dist. 1995) 908 S.W.2d 530, rehearing denied, writ denied. Child Support ☞ 555

Where divorced wife on appeal by divorced husband from order increasing amount of child support payments failed to demonstrate that current income of divorced husband was greater than it was when amount of child support was last fixed, Court of Civil Appeals would assume that it remained unchanged. Willis v. Willis (Civ.App. 1968) 425 S.W.2d 696. Child Support ☞ 555

## § 156.402. Effect of Guidelines

(a) The court may consider the child support guidelines for single and multiple families under Chapter 154 to determine whether there has been a material or substantial change of circumstances under this chapter that warrants a modification of an existing child support order if the modification is in the best interest of the child.

(b) If the amount of support contained in the order does not substantially conform with the guidelines for single and multiple families under Chapter 154, the court may modify the order to substantially conform with the guidelines if the modification is in the best interest of the child. A court may consider other relevant evidence in addition to the factors listed in the guidelines.

Added by Acts 1995, 74th Leg., ch. 20, § 1, eff. April 20, 1995. Amended by Acts 1999, 76th Leg., ch. 62, § 6.22, eff. Sept. 1, 1999; Acts 1999, 76th Leg., ch. 556, § 12, eff. Sept. 1, 1999.

### Historical and Statutory Notes

Acts 1999, 76th Leg., ch. 62, in subsec. (a), substituted "154" for "153".

Acts 1999, 76th Leg., ch. 556, in subsec. (a), substituted "for single and multiple families under Chapter 154" for "in Chapter 153"; in subsec. (b), in the first sentence, inserted "for single and multiple families under Chapter 154".

**Prior Laws:**

Acts 1989, 71st Leg., ch. 617, § 6.
Acts 1993, 73rd Leg., ch. 798, § 6.
V.T.C.A., Family Code § 14.056(a), (b).

### Texas Annotated Code Series References

Child support guidelines,

Additional factors for court to consider, Sampson & Tindall's Texas Family Code, Family § 154.123.

Agreement concerning support, Sampson & Tindall's Texas Family Code, Family § 154.124.

Application of guidelines rebuttably presumed in best interest of child, Sampson & Tindall's Texas Family Code, Family § 154.122.

Application of guidelines to additional net resources, Sampson & Tindall's Texas Family Code, Family § 154.126.

Application of guidelines to children of obligors receiving social security, Sampson & Tindall's Texas Family Code, Family § 154.133.

Application of guidelines to net resources, Sampson & Tindall's Texas Family Code, Family § 154.125.